UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TRAVIS JAMES,

                      Plaintiff,

    -against-

THE CITY OF NEW YORK, CORRECTION
COMMISSIONER DORA B. SCHRIRO, DONALD
SADOWY, STEPHEN LEUSE, THOMAS DALY,
And JOHN DOE,

                      Defendants.
------------------------------------------------------------------x

**COMPLAINT**

**JURY TRIAL DEMANDED**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 17 2012 ★
BROOKLYN OFFICE

CV 12-0215
SUMMONS ISSUED
COGAN, J.

Plaintiff, TRAVIS JAMES, by and through his attorneys, **THE LAW OFFICE OF SCOTT G. CERBIN, PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

### PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the defendant's violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative equitable relief, an award of costs and attorney's fees, and such other and further relief as this court deems just and equitable.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

4. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

5. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on or about March 16, 2011 within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

6. Plaintiff Travis James is 29 years old and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of Kings. Plaintiff is of African American ancestry.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the

employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9. Defendants SADOWY, LEUSE, DALY and DOE are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department and/or Department of Correction a municipal agencies of defendant THE CITY OF NEW YORK. Defendants SADOWY, LEUSE, DALY and DOE are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department and/or Department of Correction and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants SADOWY, LEUSE, DALY and DOE are sued individually.

10. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a corrections department, which acts as its agent in the area of law enforcement within New York City jails and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a corrections department and the employment of correction officers as said risk attaches to the public consumers of the services provided by the New York City Department of Correction.

11. Defendant DEPARTMENT OF CORRECTION COMMISSIONER DORA B. SCHRIRO ("Commissioner") was at all times here relevant the Commissioner of the New York City Department of Correction, and, as such, was a policy maker with respect to training, supervision, and discipline of correction officers. The Commissioner is sued in her official capacity.

## STATEMENT OF FACTS

12. On March 2, 2011 defendants SADOWY, LEUSE, and DALY arrested plaintiff on numerous felony counts including assault in the second degree and criminal sale of a controlled substance.

13. In a felony complaint SADOWY alleged that he observed Plaintiff engage in what appeared to be an illicit narcotics transaction. According to SADOWY Plaintiff became violent when SADOWY attempted to arrest him.

14. Plaintiff alleges that he was approached by SADOWY for no reason and that SADOWY -without uttering a word or identifying himself- attempted to handcuff Plaintiff. When Plaintiff attempted to turn around SADOWY punched him in the face and took him to the ground. LEUSE and DALY then joined in beating and macing Plaintiff. At arraignment in the criminal court on March 4, 2011 bail was set well beyond what the Plaintiff could post and he was held pending grand jury action pursuant to NY CPL § 180.80.

15. On March 9, 2011, after hearing Plaintiff's testimony, a Brooklyn grand jury apparently credited Plaintiff's version of the events and dismissed all charges. However, owing to negligence on the part of the Department of Correction, Plaintiff was not released from custody until March 14, 2011.

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of federal civil rights under the United
States Constitution and 42 U.S.C §§ 1981 and 1983)

16. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

17. By their conduct and actions in arresting, imprisoning, physically assaulting, failing to intercede on behalf of Plaintiff and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendant's SADOWY, LEUSE, DALY, COMMISSIONER and DOE, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

18. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
(False arrest and false imprisonment)

19. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

20. By the actions described above, defendants SADOWY, LEUSE, and DALY falsely arrested or caused to be falsely arrested plaintiff without reasonable or probable cause, illegally and without a warrant, and without any right to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage

to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

21. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A THIRD CAUSE OF ACTION
(Liability of Defendant the City of
New York for Constitutional Violations)

22. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

23. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police and corrections departments, and through defendants SADOWY, LEUSE, DALY, COMMISSIONER, and DOE had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

24. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through SADOWY, LEUSE, DALY, COMMISSIONER and DOE had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees police officers, and corrections officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

25. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Assault and Battery)

26. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

27. Defendants SADOWY, LEUSE, and DALY assaulted and battered Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

28. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Negligent hiring, screening, retention, supervision and training)

29. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

30. Defendant THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants SADOWY, LEUSE, DALY, COMMISSIONER and DOE. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

31. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

a. Compensatory damages;

b. Punitive damages;

c. The convening and empaneling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorneys' fees;

e. Such other further relief as this court may deem appropriate and equitable.

Dated: Brooklyn, New York
January 4, 2012

Respectfully submitted,

SCOTT G. CERBIN, ESQ., PLLC
Counsel for the Plaintiff

By: Scott G. Cerbin (SC5508)
26 Court Street, Suite 810
Brooklyn, NY 11242
(718) 596-1829